UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE MARSHALL, JR., | ) |
| | ) |
| Petitioner, | ) |
| | )  No. 3:15 CV 49 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Andre Marshall, Jr., a *pro se* prisoner, filed an amended petition for writ of habeas corpus challenging his conviction and 42-year sentence on April 24, 2013, under cause number 45G02-1009-FB-00095. (DE # 3.) Respondent argues that the petition should be denied because Marshall's claims are procedurally defaulted. This court agrees. For the reasons stated below, the amended petition is **DENIED**, the petitioner is **DENIED** a certificate of appealability, and this case is **DISMISSED**.

**I.     FACTS**

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Marshall's burden to rebut this presumption with clear and convincing evidence. *Id*. On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Marshall's offenses as follows:

> On July 24, 2010, Gregory Mason, Jr., was driving in Gary. While stopped at an intersection, Mason waved Marshall, who was on foot, across the street. Instead of crossing the street, Marshall approached the passenger side of Mason's car and lifted his shirt, revealing a gun. Marshall then got

1

into Mason's car and demanded money. Marshall threatened to kill Mason and unsatisfied with the $30 Mason gave him, pointed the gun at Mason and demanded that Mason take him to Mason's house to get more money. In an effort to protect his children, Mason drove to his aunt's house instead of his own house. While at Mason's aunt's house, Marshall took Mason's necklace, watch and wedding rink, hit him with the gun several times, and threatened to kill him. Mason then offered to withdraw money from an ATM, and drove to a nearby bank while Marshall pointed the gun at him. Mason was able to withdraw $200 but an attempt to withdraw another $200 was declined. While Mason drove to another bank, Marshall again threatened to kill Mason and hit him with the gun. Mason went to a walk-up ATM machine and twice tried to withdraw more money. Mason then fled on foot and flagged down help. Marshall was later apprehended in Indianapolis driving Mason's car. Marshall was eventually charged with Class B felony car jacking, Class felony confinement, Class B felony robbery, two counts of Class C felony battery, Class C felony intimidation, and Class D felony point a firearm. A jury trial was conducted in August 2011. Marshall was acquitted of the car jacking charge and found guilty of battery as a Class A misdemeanor, and the jury was deadlocked on the remaining count. In November 2011, the trial court entered a judgment of conviction on the battery charge, and Marshall was sentenced to 320 days in jail on that charge.

On March 25, 2013, Marshall was retried on the confinement, robbery, intimidation, and pointing a firearm charges. A jury found him guilty as charged. (Ex. E).

The trial court entered judgment and sentenced Marshall to forty-two years.

*Marshall v. State*, 45A03-1305-CR-191, slip op. 2-4 (Ind. Ct. App. Jan. 29, 2014); (DE # 9-5.)

On direct appeal, Marshall raised four arguments: (1) whether the trial court improperly permitted hearsay under the Indiana Rules of Evidence; (2) whether the trial court erred in admitting evidence of Marshall's prior bad conduct; (3) whether the trial court failed to properly sentence him; and (4) whether the trial court erred in not

merging the previous battery conviction with his robbery conviction in the second trial. (DE ## 9-2; 9-3.) On January 29, 2014, the Indiana Court of Appeals affirmed his conviction and sentence. (DE # 9-5.) Marshall then sought transfer to the Indiana Supreme Court where he raised two arguments: (1) whether the Indiana Court of Appeals failed to consider the proportionality of the sentence imposed; and (2) whether the Indiana Court of Appeals failed to merge his convictions for battery and robbery. (DE # 9-6.) The Indiana Supreme Court denied transfer on May 1, 2014. (DE # 9-2.)

On March 13, 2015, Marshall filed his amended federal habeas petition raising two grounds for relief. First, Marshall claims that the trial court improperly admitted hearsay in violation of the Sixth Amendment and the Confrontation Clause, and the Indiana Constitution. Second, Marshall argues that the trial court improperly sentenced him on both the battery and robbery convictions in violation of the Fifth Amendment and the principles of double jeopardy. (DE # 5.)

## II. LEGAL STANDARD

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

3

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred

under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

III. **DISCUSSION**

Respondent argues that both claims in Marshall's amended petition are procedurally defaulted. This court agrees.

Marshall's first claim that the trial court improperly admitted hearsay in violation of the Sixth Amendment and the Confrontation Clause, and the Indiana Constitution is procedurally defaulted. On direct appeal to the Indiana Court of Appeals, he only challenged the trial court's decision under the Indiana Rules of Evidence. (DE # 9-3 at 3.) He did not argue that the trial court improperly admitted hearsay in violation of the Indiana or U.S. Constitution. (DE ## 9-3; 9-6.) Further, Marshall completely failed to challenge the trial court's hearsay ruling before the Indiana Supreme Court. (DE # 9-6.) Thus, the state court records reveal that Marshall did not raise this claim in one complete round of review before the State courts.

Marshall's second claim - that the trial court improperly sentenced him on both battery and robbery convictions in violation of the Fifth Amendment and the principles of double jeopardy - is also procedurally defaulted. On direct appeal to the Indiana Court of Appeals, Marshall did not challenge his battery and robbery convictions on federal double jeopardy grounds. (DE # 9-3 at 4, 16.) Marshall concedes that point.

5

(DE # 12 at 3.) On direct appeal, he argued only that the battery for which he was convicted at the first trial was an element of the subsequent robbery conviction and, therefore, the trial court should have merged the two offenses and vacated the battery conviction. Marshall's direct appeal did not fairly present the current Fifth Amendment and double jeopardy claims he brings in his amended petition.

> Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court. In the interests of federal-state comity, both the operative facts and controlling law must be put before the state courts.
>
> Fair presentment, however, does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same.
>
> That being said, the state courts must be apprised of the constitutional nature of the claim. If the facts presented do not evoke a familiar constitutional constraint, there is no reason to believe the state courts had a fair opportunity to consider the federal claim. *Id*. We will consider four factors when determining whether a petitioner has fairly presented his federal claim to the state courts: 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006) (quotation marks and citations omitted). "The bottom line is that the task of the habeas court in adjudicating any issue of fair presentment is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve

that issue on a federal basis." *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (quotation marks and citations omitted).

Applying Anderson's four-part test, it is clear that Marshall's direct appeal did not fairly present a double jeopardy claim to the State court. First, the records in his direct appeal reveal that Marshall did not cite to or rely on any federal case law. (DE # 9-3 at 3, 16.) Second, his sole state case citation, *Hudson v. State*, 354 N.E.2d 164 (1976), did not apply a federal double jeopardy analysis to similar facts. Instead, it was a case that dealt with principles of state law merger. Third, Marshall framed this issue on appeal as one of merger, not double jeopardy. And, fourth, Marshall did not allege a pattern of facts that resembled a mainstream double jeopardy claim. Thus, this court finds that the state court was not sufficiently alerted to the federal constitutional nature of his double jeopardy claim. Thus, this court cannot resolve it here.

Not only did Marshall fail to fairly present his double jeopardy claim to the State courts but, in addition, the Indiana Court of Appeals decided the issue on an independent and adequate state law ground. A federal habeas court will not review a question of federal law if the state decision rested on an adequate and independent state ground for dismissal. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). The court of appeals held that Marshall's cursory argument failed to demonstrate that the evidence supporting the battery conviction also supported an element of the robbery

conviction. (DE # 9-5 at 9.) Thus, the court of appeals found that merger was not implicated. Thus, this claim is procedurally defaulted.[1]

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Marshall filed a traverse in support of his petition, but does not allege any grounds in his traverse for excusing this procedural default. At most, he seems to blame his appellate attorney for failing to raise certain claims. (DE # 12 at 8.) In rare circumstances, a petitioner can avoid the exhaustion requirement by pointing to his appellate counsel's ineffectiveness in failing to raise claims on direct appeal. However, the exhaustion doctrine requires that the ineffective assistance claim be presented to the state court as an independent claim before it may be used to establish cause for such a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If the ineffective assistance claim being used to excuse a procedural default was not itself properly raised

---

[1]Dismissal on this procedural ground is likely immaterial, though, as this claim would fail on its merits. The convictions of both misdemeanor battery and felony robbery would not violate the Fifth Amendment's double jeopardy clause because they are each composed of different elements. *United States v. Loniello*, 610 F.3d 488, 491 (7th Cir. 2010).

in state court, "the petitioner will be fully defaulted."[2] *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). Nothing in the record, or in Marshall's representations, plausibly suggest he has raised any such ineffective assistance claim in state court.

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Marshall does not show any fundamental miscarriage of justice would occur, nor does the court find that to be that case.

As a final matter, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree

---

[2] The Seventh Circuit has observed that this requirement, whereby an ineffective assistance claim used as cause to excuse a procedural default must itself have been exhausted, can result in a "tangled web of defaults excused by causes that may themselves be defaulted and require a showing of cause and prejudice---a result that has an attractive power for those who like difficult puzzles." *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003).

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Marshall's claims are procedurally defaulted, and he has not provided any meritorious basis for excusing his default. The court finds no basis to conclude that jurists of reason could debate the outcome of the petition or find a reason to encourage Marshall to proceed further. Accordingly, the court declines to issue Marshall a certificate of appealability.

### IV. CONCLUSION

For the reasons set forth above, the amended petition (DE # 3) is **DENIED**, the petitioner is **DENIED** a certificate of appealability and this case is **DISMISSED.**

                          **SO ORDERED**

Date: December 29, 2016

                          s/ James T. Moody
                          JAMES T. MOODY, JUDGE
                          UNITED STATES DISTRICT COURT